## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

```
SHAWN COLEMAN, b/n/f JOANNE          )
GUILFORD and LASHUNDA COLEMAN        )
and All Other Decedents, LASHUNDA    )
COLEMAN, Individually, JOANNE        )
GUILFORD, Individually and the       )
ESTATE OF SHAWN COLEMAN              )
                                     )
Plaintiffs,                          )
                                     )
vs.                                  )     NO. 2:05-CV-416
                                     )
HIGHLAND POLICE DEPARTMENT,          )
PETER HOJNICKI, as Chief of          )
Police of the Highland Police        )
Department, TOWN OF HIGHLAND,        )
and Other Unknown Parties            )
                                     )
Defendants.                          )
```

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, filed on October 30, 2006. For the reasons set forth below, Plaintiffs' section 1983 claims against the Town of Highland, the Highland Police Department and Peter Hojnicki are **DISMISSED WITH PREJUDICE.** Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE.** The Clerk is **ORDERED** to close this case.

BACKGROUND

Shawn Coleman was an inmate at the Highland Police Department Jail on October 23, 2003, when he was found dead hanging in his cell. (Cmplt ¶¶ 4-5). Plaintiffs filed this case on October 21, 2005, in the Lake Superior Court, alleging that Coleman's death was the result of Defendants' negligence and failure to adequately supervise. These shortcomings, Plaintiffs claim, resulted in a violation of Coleman's constitutional rights and also give rise to a state law claim of negligence. As such, Plaintiffs allege a section 1983 claim as well as state law claims against the Town of Highland, the Highland Police Department and Chief of Police Peter Hojnicki. Defendants then removed this case to this Court.

Defendants have filed their motion for summary judgment claiming that Plaintiffs' federal and state law claims fail as a matter of law. In response, Plaintiffs argue only that there is a genuine issue of material fact as to their state law negligence claims.


DISCUSSION

The standards that generally govern summary judgment motions are familiar. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255; *Nucor Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes demonstrate an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'"  *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue

may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate. In this situation, there can be "'no genuine issue as to any material fact', since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

Facts

The facts are largely undisputed. In fact, Plaintiffs offered no evidence in their response other than that introduced by Defendants in their motion for summary judgment. On October 24, 2003, Shawn Coleman was arrested by Highland Police Officer Jerry Garza for shoplifing at a Meijer store in Highland, Indiana. Coleman was then transported to the Highland jail. Approximately 4:00 to 4:30 p.m. on that date, Officer Garza and Corporal Linda Potesta of the Highland Police Department booked Coleman. During this time, Coleman displayed a calm demeanor, was cooperative, and did not appear suicidal to either officer. Coleman did report taking medication due to a jaw injury and also noted "being out of

it" at the store and confused at the jail.

Coleman was given the opportunity to make several phone calls; however, there was no response at the numbers that he called. During the booking process, Coleman admitted being arrested on one prior occasion. Corporal Potesta did not believe that Coleman provided his true identity so she fingerprinted him and faxed the fingerprint card to the FBI. Around 4:30 p.m., Coleman was placed in the "drunk tank cell" while the results were obtained from the FBI, because he had soiled his pants.

At about 5:25 p.m., Corporal Potesta received the results from the FBI that revealed Coleman's true identity was Lonnie Gilford. Corporal Potesta shared this information with Officer Garza. Officer Garza when to the cell area to inform Coleman of the FBI results. He arrived at the cell and discovered Coleman in his cell with a wire around his neck. This wire was previously attached to a speaker, which was attached to a bracket bolted to the wall, outside and above the cell, near the ceiling.

Officer Garza called for Corporal Potesta and they both administered CPR to Coleman. They had dispatch radio for an ambulance, which arrived minutes after Coleman was discovered. Coleman was transported to the Community Hospital and the jail area was sealed.

Corporal Potesta reported the incident; however, Chief Hojnicki was not in town at the time. Upon learning of Coleman's death, Chief Hojnicki requested an outside investigation be

performed by the Indiana State Police. Detective Richard Bonesteel, an investigator from the Indiana State Police, investigated the matter and concluded that the Highland Police Department personnel did not contribute to Coleman's cause of death.

During the relevant time period, the Highland Police Department had established guidelines for use of the jail to be followed by employees. Based upon Chief Hojnicki's review of the reports completed by jail officers, those procedures were followed with respect to Coleman. No other suicides have occurred in the jail in the past 20 years and, before Coleman's suicide, the wire which he used to hang himself was in the same location along hte ceiling outside the jail cell for the prior 20 years.

Federal Claims- Section 1983

Plaintiffs have brought section 1983 claims against the Town of Highland, the Highland Police Department and Chief of Police Peter Hojnicki. Defendants maintain that they are entitled to summary judgment on each of these claims.

To start, Defendants contend that no section 1983 claim can be maintained against the Highland Police Department because it is merely a municipal department and not a suable entity. Defendants are right in this contention. *Gillespie v. City of Indianapolis*, 13 F.Supp.2d 811, 816 (S.D. Ind. 1998), aff'd 185 F.3d 693 (7th Cir. 1999). Indeed, Plaintiffs do not argue to the contrary and,

therefore, they have waived any argument to the contrary.   See *Laborers' Intern. Union of North America v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999).

Next, Defendants contend that the Town of Highland is entitled to summary judgment because the alleged injuries were not the result of any policy or custom of the Town.   Under the familiar case of *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978), the Supreme Court determined that municipalities and other local governmental units, such as the Town of Highland, could only be sued under section 1983 where the "policy or custom" of the entity caused a constitutional deprivation.   There has been no evidence in this case to establish that Shawn Coleman's injury came at the hands of some sort of "custom or policy" that would make the Town of Highland liable in this case.   Nevertheless, Plaintiffs fail to address this in their response and, again, this Court finds such any argument to the contrary waived.   *Caruso*, 197 F.3d at 1197.

Lastly, the Defendants argue that Plaintiffs' section 1983 claims against Chief Hojnicki fail as a matter of law.   Arguably, Plaintiffs bring this claim against Chief Hojnicki in both his individual and official capacities.   To the extent this claim is against Chief Hojnicki in his official capacity, the claim is merely another way to sue the Town.   For the reasons Plaintiffs' claim failed against the Town of Highland, it fails here too.   To succeed on a claim against Chief Hojnicki in his individual

capacity, Plaintiffs must show that he either caused or participated in the constitutional deprivation at issue. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The undisputed evidence is that Chief Hojnicki was out of town and did not cause or participate in the incident with Shawn Coleman. Again, though, Plaintiffs failed to address this argument in their response and the Court deems them to have waived any argument to the contrary. *Caruso*, 197 F.3d at 1197.

### State Law Claims

Defendants have invited the Court to retain jurisdiction over the remaining state law claims. However, as all of Plaintiffs' federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. See e.g., *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999)("It is the well established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

### CONCLUSION

For the reasons set forth above, Plaintiffs' section 1983 claims against the Town of Highland, the Highland Police Department and Peter Hojnicki are **DISMISSED WITH PREJUDICE**. Plaintiffs' state

law claims are **DISMISSED WITHOUT PREJUDICE**.   The Clerk is **ORDERED**
to close this case.


**DATED:  January 26, 2007**          **/s/RUDY LOZANO, Judge**
                                      **United States District Court**